CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 24 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:07-CR-51 |
| | ) | |
| v. | ) | |
| | ) | |
| DAMON C. WHITE, | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Defendant Damon C. White filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-015. He asks that his sentence be reduced from 120 months to 70 months, which will result in his immediate release. ECF No. 46. The government does not contest that White is eligible for a reduction in his sentence and suggests that his sentence be modified to time served, followed by a 4-year term of supervised release. The government asks that if a reduction in White's sentence results in his immediate release, that the judgment be stayed for ten days to allow the Bureau of Prisons sufficient time to process his release. ECF No. 51. Neither party requested a hearing. For the reasons set forth below, the court will **GRANT** White's request and modify his sentence to 70 months, but not less than time served, to be followed by a 4-year term of supervised release. The judgment will be stayed for ten days if the Bureau of Prisons determines that White is entitled to immediate release.

I.

On December 4, 2007, White entered into a plea agreement and pleaded guilty the same day. ECF Nos. 22-24. He pleaded guilty to one count of possession more than 50 grams of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). ECF Nos.

23, 43. He agreed to be held accountable for 50 to 150 grams of cocaine base. ECF No. 43. The statutory minimum and maximum terms of imprisonment based on 50 grams of cocaine base were ten years and life. 21 U.S.C. § 841(b)(1)(A) (2007). He had a base offense level of 30, a total offense level of 27, and a criminal history category of IV, which resulted in an advisory guideline range of 120 to 125 months. U.S.S.G. Ch. 5, Part A; ECF Nos. 43, 45. On February 25, 2008, White was sentenced to a term of 120 months imprisonment to run consecutively to a state sentence, to be followed by a 5-year term of supervised release. ECF Nos. 30-1, 45. White has served approximately 100 months and his projected release date is January 24, 2020. ECF No. 45.

At the time White was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2007). In 2010, the Fair Sentencing Act was enacted, and Section 2 of the act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

## II.

The parties agree that the First Step Act applies to White. Because he was responsible for possessing 123 grams of cocaine base, if the Fair Sentencing Act had been in effect in 2007, White would have faced a minimum sentence of five years and a maximum sentence of forty years. 21 U.S.C. § 841 (b)(1)(B). Under the guidelines, his base offense level would have been 26 and his total offense level of would have been 23.[1] U.S.S.G. §2D1.1(c)(7); ECF No. 45. With a criminal history category of IV, the corresponding advisory range for offense level 23 is 70-87 months of imprisonment. U.S.S.G. Ch. 5 Pt. A; ECF No. 45.

Had White been sentenced after passage of the Fair Sentencing Act, the appropriate sentence would have been 70 months followed by a 4-year term of supervised release. A

---

[1] The Addendum to the PSR assumes that it is the quantity of cocaine base for which a defendant is responsible, rather than the amount for which he has been convicted, that determines the new offense level and guideline range. ECF No. 45 at 2. White did not address the issue, but relied upon and urged the court to adopt the analysis in the Addendum to the PSR. ECF No. 46. Because White would be entitled to release regardless of whether the offense level was based on the amount of cocaine base for which he was convicted or for which he was held responsible, the court makes no determination in this case as to which amount is contemplated by the First Step Act to be used in resentencing.

3

sentence of 70 months is the bottom of the sentencing range and corresponds to the 120-month sentence which was the bottom of his current sentencing range. Thus, an appropriate sentence for White under the First Step Act would be 70 months, followed by a 4-year term of supervised release. Because White has served approximately 100 months, it appears that he is entitled to immediate release.

### III.

For the reasons stated above, the court will **GRANT** White's motion to reduce his sentence, ECF No. 46, and modify his sentence to a total period of 70 months, but not less than time served, to be followed by a 4-year term of supervised release. The court finds the sentence is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law. The Bureau of Prisons is directed to recalculate White's release date based on his amended sentence of 70 months and release him if he has fully served his sentence.

An appropriate Order and amended judgment will be entered. If White is entitled to immediate release, judgment will be stayed for ten days to give the Bureau of Prisons sufficient time to process his release.

It is so **ORDERED**.

Entered: 04/23/2019

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge